UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON ALLEN BESSON,

                    Plaintiff,

          v.                                          Case No. 26-CV-1288

NICHOLAS DENNIS and
BROWN COUNTY,

                    Defendants.

## SCREENING ORDER

Plaintiff Brandon Allen Besson, who is currently housed at the Washington County Justice Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff paid the full filing fee on July 22, 2026. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

On July 23, 2023, Plaintiff fled deputies on foot and laid in knee-high grass in a field near Highway 29 in Hobart, Wisconsin. Deputies located Plaintiff using a drone. Deputy Nicholas Dennis deployed his K-9, Mattis, which bit Plaintiff's upper arm while Plaintiff was on the ground.

2

After the dog bit Plaintiff, Deputy Dennis advised Plaintiff that, if he was compliant, Deputy Dennis would release the dog. Plaintiff showed his hands as instructed, and Deputy Dennis acknowledged that Plaintiff showed his hands. Officers then ordered Plaintiff to put his hands up. Plaintiff attempted to comply but was physically unable to do so because the dog remained clamped to his left arm. Officers forced Plaintiff face-down onto the ground, while the dog continued biting and holding his left upper arm. Another deputy attempted to place Plaintiff in handcuffs, but the dog continued biting Plaintiff while he was being handcuffed. The officer instructed Deputy Dennis to order the dog to release Plaintiff, so he could place the handcuffs. Deputy Dennis ordered the dog to release Plaintiff. Despite multiple release commands, the dog remained attached to Plaintiff's arm. Deputy Dennis then pulled the dog from Plaintiff's left arm. Plaintiff asserts that he suffered severe pain and physical injury to his left arm. He seeks monetary damages. (ECF No. 1 at 6–9.)

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Deputy Dennis used excessive force against him. "A claim that a law enforcement officer used excessive force during a stop or arrest is 'analyzed under the Fourth Amendment.'" *Barnes v. Felix*, 605 U.S. 73, 79 (2025) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that police officers used force that was objectively unreasonable. *See Cyrus v. Town of*

3

*Mukwonago*, 624 F.3d 856, 861–62 (7th Cir. 2010). The reasonableness of an officer's conduct is determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396). Plaintiff asserts that Deputy Dennis deployed a K-9 during his arrest. He alleges that Deputy Dennis allowed the K-9 to continue to bite him, even though he was lying on the ground, surrounded by multiple officers, physically restrained, partially handcuffed, and under the officer's control. Based on these allegations, Plaintiff may proceed on a Fourth Amendment excessive force claim against Deputy Dennis.

Plaintiff does not state a claim against Brown County, however. Plaintiff asserts that Brown County is liable for the incident because it employed Deputy Dennis, who was acting within the scope of his employment. Under the Supreme Court's decision in *Monell v. Department of Social Services of New York*, a municipality is only liable for its own direct actions; it is not liable simply because its employee committed an unconstitutional act. 436 U.S. 658, 694–95 (1978). In other words, a county can only be liable if the constitutional violation stems from an express policy or widespread custom or practice. *Id.* at 695. Because Plaintiff does not assert that the allegedly unconstitutional conduct was caused by a Brown County policy, custom, or practice, he fails to state a claim against the County. Therefore, Brown County will be terminated as a defendant in this case.

**IT IS THEREFORE ORDERED** that Brown County is **TERMINATED** as a defendant in this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Deputy Nicholas Dennis pursuant to Federal Rule of Civil Procedure

4

4.  Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3).  Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.  The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Deputy Nicholas Dennis shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on July 30, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

6